# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-843V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RONALD SCHNEIDER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Katherine E. Oler

Filed: February 12, 2020

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jerome A. Konkel*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On June 13, 2018, Ronald Schneider ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered Bilateral Brachial Plexitis as a result of the pneumococcal conjugate vaccine PCV13 ("Prevnar 13") vaccination he received on June 15, 2015. Pet., ECF No. 1. Petitioner filed a statement of completion on August 2, 2018. ECF No. 8. Petitioner filed additional medical records on August 2, 2018. *See* ECF No. 7. Petitioner also filed an expert report on August 2, 2018. *See* Ex. 15, ECF No. 16.

On August 5, 2019, Respondent filed a Rule 4(c) Report contesting Petitioner's right to damages and requesting the dismissal of the claim. ECF No. 17. Respondent also filed an expert

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

report.  ECF No. 18.  On August 14, 2019, I held a status conference via telephone informing Petitioner that in light of Respondent's Rule 4(c) report and expert report, I believed that a responsive expert report from a neurologist would be helpful in deciding the issues in this case.  *See* Order, ECF No. 19. Petitioner agreed and requested 180 days to file a report, which I granted.  *Id.*  Petitioner was also directed to file certain records requested by Respondent in his Rule 4(c) Report. *Id.*  On January 22, 2020, Petitioner filed a status report indicating that he had not yet seen a doctor for his injuries.  *See* Pet'r's Status Rep., ECF No. 20.

Petitioner filed a motion to dismiss his claim on February 12, 2020, indicating that "[a]n additional investigation of the diagnosis of Brachial Neuritis and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Pet'r's Mot., ECF No. 21 at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master